IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:23-cv-00064-MR

| DAVID MEYERS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| JOHN DOES, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Also pending are the Plaintiff's pro se "Consolidated Motion to Consolidate Actions and Motions" [Doc. 5] and "Motion to Correct this Case's Caption and Misnomer" [Doc. 9]. The Plaintiff applied to proceed in forma pauperis. [Doc. 4; see Doc. 8 (Order Waiving Initial Partial Filing Fee)].

**I.  BACKGROUND**

The pro se Plaintiff, who is presently incarcerated at the Alexander Correctional Institution, filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at Alexander CI and the Foothills Correctional Institution. [Doc. 1]. The Plaintiff appears to name as Defendants: the North Carolina Department of Adult Corrections (NCDAC) director, assistant director, and secretary; the Alexander CI and Foothills CI

wardens; and 35 Alexander and Foothills CI correctional, medical, and administrative staff members. [See Doc. 1 at 1-2]. By way of summary only, the Plaintiff alleges *inter alia* that he was "kidnapped" from the Virginia Department of Corrections (DOC); that he is paralyzed and has not been accommodated appropriately or received adequate medical care; that during a prison transfer on April 27, 2023, transportation officers mistreated him and offered to exchange sex for food; that prison guards seized the Plaintiff's property including his wheelchair and legal materials; and that prison guards have used excessive force and threatened him. [Id. at 1-8]. For relief, the Plaintiff seeks $5 million in compensatory damages, $200,000 in punitive damages, the production of video footage, transfer to a Virginia prison, and the return of his property. [Id. at 9-10].

The Plaintiff failed to pay the filing fee or submit a motion to proceed in forma pauperis with his Complaint. As such, the Clerk mailed the Plaintiff a Notice of Deficiency, advising Plaintiff that he must either pay the filing fee or file an application to proceed without prepayment of the filing fee ("IFP Application") within 21 days of the Clerk's Notice. [Doc. 2]. On May 30, 2023, the Plaintiff filed a completed IFP Application, along with an "'Imminent Danger' Affidavit." [Doc. 4]. In his Affidavit, the Plaintiff claims that on April 27, 2023, two Foothills transportation officers (Officers Dunley and Taylor)

dragged him from his wheelchair at Foothills and "hurled" him headfirst into a blue SUV, causing Plaintiff to strike his head and permanently injuring his brain, head, neck and back. [Doc. 4 at 6]. He further alleges that the guards then "kidnapped" him, drove the Plaintiff to a Burger King, offered him food in exchange for sex, drove him to a wooded area within 5 miles of the Burger King and took turns "anal sodomizing [Plaintiff]," cut his neck, and then drove the Plaintiff to Alexander CI where "Sgt. Byrd, Ofc. Siciak, 8 prison guards made death threats to [Plaintiff] stating they will kill [him]." [Id.]. The Plaintiff asserts that "numerous prisoners – gangs and gang members have made death threats to murder [Plaintiff] at Alexander Correctional Institute, Foothills Correctional Institute, Scotland Correctional Institute and Central Prison … due to the Prisoners conflicts with [Plaintiff's] brother in law Lt. Rodney Houston who retired from NCDAC-NCDPS"; that all the Defendants know that prisoners are making death threats against him; that "the white supremacist prison guards are making death threats to kill" Plaintiff; and that "all of the Alexander Correctional Institute wardens, … unit manager Joshua Sigmon and Secretary Ms. Tucker are showing deliberate indifference … [by] refusing to protect [him]." [Id. at 2, 5]. The Plaintiff asks the Court to hold an imminent danger hearing. [Id. at 5].

3

In the pending "Consolidated Motion to Consolidate…" [Doc. 5], the Plaintiff asks the Court to consolidate Case Nos. 5:23-cv-64-MR, 3:23-cv-223-MR-DCK, and 1:23-123-GCM[1] in the interest of judicial economy. In his "Motion to Correct this Case's Caption and Misnomer" [Doc. 9], the Plaintiff seeks leave to correct Defendants' names as they become known to him.

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se

---

[1] Case Number 1:23-cv-123-GCM, was dismissed pursuant to § 1915(g) on May 31, 2023.

4

complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III. DISCUSSION**

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Any of the enumerated types of dismissals count as a strike, "whether [the dismissals are] with prejudice or without." Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1723 (2020).

In 2020, the Fourth Circuit held that the Plaintiff has had three or more prior cases dismissed for being frivolous, malicious, or failing to state a claim upon which relief can be granted. Meyers v. Comm'r of Soc. Sec. Admin.,

801 Fed. App'x 90, 91 (4th Cir. 2020); see also Meyers v. Brown, No. 2:20-cv-70 (E.D. Va.), Doc. 68 (collecting cases).  A brief review of Plaintiff's litigation history in the Middle District of North Carolina and the Eastern and Western Districts of Virginia confirms that the Plaintiff is subject to 28 U.S.C. § 1915(g).  See Meyers v. Jones, No. 7:18-cv-414 (W.D. Va. Nov. 2, 2018) (dismissed as frivolous and malicious); Meyers v. U.S. District Court, 7:18-cv-458 (W.D. Va. Nov. 2, 2018) (dismissed as frivolous and malicious); Meyers v. Clarke, 7:18-cv-460 (W.D. Va. Nov. 2, 2018) (dismissed as frivolous and malicious); Meyers v. Northam, No. 7:18-cv-473 (W.D. Va. Nov. 2, 2018) (dismissed as frivolous).  The Court has reviewed the docket in each of these matters and finds that they each count as a "strike" for the purposes of the application of 28 U.S.C. § 1915(g).  See Pitts v. South Carolina, 65 F.4th 141 (4th Cir. 2023).

The Plaintiff, therefore, must show that he is under imminent danger of serious physical injury.  For the "imminent danger" exception of § 1915(g) to apply, "the imminent danger 'must exist at the time the complaint … is filed, not when the alleged wrongdoing occurred,' and the prisoner "must allege 'ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'"  Meyers v. Clarke, 767 Fed.

6

Case 5:23-cv-00064-MR   Document 11   Filed 06/29/23   Page 6 of 9

App'x 437, 439 (4th Cir. 2019) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)).

Here, the Plaintiff fails to plausibly allege any facts supporting his claim of imminent danger of serious physical injury. The Plaintiff alleges a series of events that supposedly occurred on April 27, 2023, and he makes conclusory and vague allegations that NCDAC inmates at four different North Carolina prisons, as well as white supremacist staff, are threatening his life. The Plaintiff, however, does not allege or show that any credible imminent danger currently exists. Moreover, the Plaintiff's past filings in this Court and others plainly demonstrate that the Plaintiff is delusional and under no threat of imminent danger. See, e.g., Meyers v. Hall, No. 7:19-cv-406, 2020 WL 2316092, at *15 (W.D. Va. Feb. 21, 2020), *report and recommendation adopted*, No. 7:19-cv-250, 2020 WL 1482561 (W.D. Va. Mar. 27, 2020) (finding that the Plaintiff's claims that "hundreds" of inmates and Virginia DOC employees are trying to murder him are "delusional"). The Court, therefore, will dismiss Plaintiff's Complaint under § 1915(g). The Plaintiff's pending Motions are denied as moot.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action as barred by the three-strikes provision of 28 U.S.C. § 1915(g) and vacate the

Order granting Plaintiff in forma pauperis status. The Plaintiff's pending Motions are denied as moot.

**IT IS, THEREFORE, ORDERED** that:

1. The Order waiving the initial partial filing fee and directing monthly payments from Plaintiff's inmate account [Doc. 8] is **VACATED** and Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs [Doc. 4] is **DENIED**.

2. This action is **DISMISSED WITHTOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

3. The Plaintiff's "Consolidated Motion to Consolidate Actions and Motions" [Doc. 5] and "Motion to Correct this Case's Caption and Misnomer" [Doc. 9] are **DENIED AS MOOT**.

4. The Clerk of Court's Financial Department is respectfully instructed to reimburse Plaintiff for funds that have been collected for the payment of his filing fee in this case, if any, and the Clerk is respectfully instructed to mail a copy of this Order to the Alexander Correctional Institution so that withdrawals from Plaintiff's inmate account for this case can be terminated.

The Clerk is respectfully instructed to add this case to the Plaintiff's Filer Status Report in CM-ECF and to close this case.

**IT IS SO ORDERED**.

Signed: June 28, 2023

Martin Reidinger
Chief United States District Judge