IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:23-cv-00064-MR

| | |
|---|---|
| DAVID MEYERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| JOHN DOES, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's pro se "Consolidated Motion for Relief, and Motion for a Cease, and Desist Order to be Granted by the Court" [Doc. 26].

The incarcerated pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. [Doc. 1]. On June 11, 2023, the Clerk entered an Order Waiving Initial Partial Filing Fee and Directing Monthly Payments be Made from Prison Account. [Doc. 8]. However, the Court vacated that Order on June 29, 2023, upon dismissing the case under the PLRA's "three strikes" provision, 28 U.S.C. § 1915(g). [Doc. 11]. That Order directed the Court's financial department to reimburse the Plaintiff for any deductions from his inmate account and to mail a copy of this Order to the Alexander Correctional

Institution so that withdrawals from Plaintiff's inmate account in this case would be terminated. [Id.].

In August 2023, the Plaintiff filed a "Motion for Relief" in which he argued that the filing fee debt remained on his trust account for this case despite the Court's June 29 Order. [Doc. 22]. The Court denied the "Motion for Relief" as moot because the Order waiving the partial filing fee and requiring monthly payments from Plaintiff's inmate account had been vacated. [Doc. 24; see Docs. 8, 11]. The Court nevertheless instructed the Clerk to mail a copy of the June 29 Order to the Warden of the Alexander Correctional Institution, where the Plaintiff was incarcerated at that time, to ensure that no deductions from his prisoner account would be made for the filing fee in this case. [Doc. 24].

In the instant "Consolidated Motion…" the Plaintiff appears to contend that the Virginia Department of Corrections[1] is improperly withdrawing funds from his account to pay the fee in the instant case.[2] The Motion is moot in that the Court has already vacated the Order establishing a debt for the filing

---

[1] The Plaintiff is currently incarcerated at the Lunenburg Correctional Center in Victoria, Virginia.

[2] In the Motion, the Plaintiff also refers to Case No. 5:23-cv-00080-DCC-KFM. The Plaintiff must request relief in Case No. 5:23-c v-00080 by filing an appropriate Motion in that case. In the future, any filing that addresses multiple case numbers or that is otherwise improper will not receive a response from the Court and may be stricken.

fee, this case is not entered in the Court's financial system, and the Court has received no funds from the Plaintiff's prisoner account for this case to date. The Court will nevertheless instruct the Clerk to mail copies of the June 29 Order and this Order to the Virginia Department of Corrections, as a courtesy.

**IT IS, THEREFORE, ORDERED** that "Consolidated Motion for Relief, and Motion for a Cease, and Desist Order to be Granted by the Court" [Doc. 26] is **DENIED AS MOOT**.

The Clerk is respectfully instructed to mail a copy of the Court's June 29, 2023 Order [Doc. 11], and of this Order to the Plaintiff, and to the Warden of the Lunenburg Correctional Center, 690 Falls Road, Victoria VA 23974.

**IT IS SO ORDERED.**

Signed: March 29, 2024

Martin Reidinger
Chief United States District Judge